IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.

NOBLE HOUSE SOLE, LLC

        Defendant.

CIVIL ACTION NO.

COMPLAINT
JURY TRIAL DEMANDED

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Julienne Claude ("Ms. Claude"), a Seventh-Day Adventist, who was terminated because of her religion. As alleged with greater particularity below, Defendant, Noble House Sole, LLC. ("Solé Miami"), terminated Ms. Claude, a Room Attendant, because she could not work on Saturdays due to her religious beliefs.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida Miami Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Solé Miami has continuously been a Florida corporation doing business in the State of Florida and the City of Sunny Isles Beach, and has continuously had at least 15 employees.

5. At all relevant times, Solé Miami has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Ms. Claude filed an administrative charge with the Commission alleging violations of Title VII by Solé Miami.

7. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination indicating that it found reasonable cause to believe that Solé Miami discriminated against Ms. Claude in violation of Title VII because of Ms. Claude's religion.

8. Prior to the institution of this lawsuit, the Commission attempted to effect Solé Miami's voluntary compliance with Title VII through informal methods of conciliation to remedy the practices found unlawful.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Solé Miami is a resort hotel in Sunny Isles Beach, Florida.

11. Ms. Claude is a practicing Seventh-Day Adventist.

12. On or about January 22, 2018, Solé Miami hired Ms. Claude as a Room Attendant.

13. At the time of her hire, Ms. Claude informed Solé Miami that she was a Seventh Day Adventist and could not work on Saturdays, and Solé Miami accommodated her request.

14. Ms. Claude did not work on Saturdays at Solé Miami from January 2018 through November 2018.

15. In approximately October 2018, Solé Miami hired a new Director of Housekeeping.

16. During a staff meeting in October or November 2018, the Director of Housekeeping asked Ms. Claude to work on Saturdays starting in December.

16. Ms. Claude advised the Director of Housekeeping that she could not work on Saturdays because of her religion.

17. In late November 2018, Solé Miami scheduled Ms. Claude to work on Saturday, December 1, 2018.

18. Ms. Claude reminded Solé Miami that she could not work due to her religion, but the Director of Housekeeping said she "didn't want to hear it." Similarly, the Front Desk Manager told Ms. Claude, "if you are unable to work on Saturdays, your place is not here."

19. Ms. Claude advised Solé Miami that she would not report to work on Saturday, December 1, 2018.

20. Ms. Claude did not report to work on Saturday, December 1, 2018.,

21. Several other Room Attendants were given the day off on Saturday, December 1, 2018.

3

21. When Ms. Claude reported to work on Sunday, December 2, 2018, she was sent home.

22. On Monday, December 3, 2018, Ms. Claude met with Solé Miami's Human Resources Director. The Human Resources Director advised Ms. Claude that she was terminated for not reporting to work on Saturday, December 1, 2018.

23. Solé Miami escorted Ms. Claude out of the building.

24. Ms. Claude was harmed and suffered damages as a result of Solé Miami's termination of her employment.

## STATEMENT OF CLAIMS

21. As set forth in paragraphs 10-24, Solé Miami engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Ms. Claude's employment as a Room Attendant because of her religion.

22. The effect of the practices complained of in paragraphs 10-24 has been to deprive Ms. Claude of equal employment opportunities and otherwise adversely affect her status as a Room Attendant because of her religion.

23. The unlawful employment practices complained of in paragraphs 10-24 were intentional.

24. The unlawful employment practices complained of in paragraphs 10-24 above were done with malice or with reckless indifference to Ms. Claude's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Solé Miami, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees on the basis of their religion.

  B. Order Solé Miami to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees with sincerely-held religious beliefs and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Solé Miami to institute a training program for all human resources personnel and supervisory officials to ensure compliance with federal laws and company policies on nondiscrimination in employment decisions.

  D. Order Solé Miami to make whole Ms. Claude by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of the unlawful employment practices including, but not limited to, reinstatement of Ms. Claude or front pay in lieu thereof.

  E. Order Solé Miami to make Ms. Claude whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10-24 including, but not limited to, job search expenses, medical-related expenses, and other out-of-pocket losses in amounts to be determined at trial.

  F. Order Solé Miami to make Ms. Claude whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-24 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  G. Order Solé Miami to pay Ms. Claude punitive damages for its malicious and reckless conduct, as described in paragraphs 10-24 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: February 24, 2021.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, DC 20507

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

/s/ Kristen Foslid
KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No: 688681
Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 786-648-5835
Kristen.Foslid@eeoc.gov