UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20754-Civ-COOKE/O'SULLIVAN

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,
v.

NOBLE HOUSE SOLE, LLC,

    Defendant.
_____/

## ORDER ON MOTION FOR CONSENT DECREE

This Matter is before the Court on the Parties' Motion to approve a Consent Decree ("Decree") between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and Noble House Sole, LLC ("Noble House") (together referred to as "the Parties"). ECF No. 29. The Motion is **GRANTED,** the decree is approved as provided below, and the **CLERK** is directed to **CLOSE** this case.

## INTRODUCTION

1.    The EEOC commenced this action on February 24, 2021, under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Julienne Claude ("Ms. Claude"), a Seventh-day Adventist, who was terminated from her employment because of her religion.

2.    Noble House denies the allegations in the Complaint and denies that it violated Title VII.

3.    In the interest of resolving this matter, to avoid further costs of litigation, and

as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, and their respective successors and assigns.

4. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. This Decree fully and finally resolves the claims asserted by the Commission in the Complaint filed in this action styled *EEOC v. Noble House Sole, LLC.*, Case No. 21-cv-20754 (S.D. Fla.), and the underlying EEOC charge of discrimination, Charge No. 510-2019-03902C.

6. This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8. This Decree does not resolve any charges of discrimination that may be pending with the Commission against Noble House other than the Charge referred to in paragraph 5. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against Noble House in accordance with standard EEOC procedures.

9. Nothing in this Decree shall be construed to limit or reduce Noble House's

obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, as amended, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f.

### FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The Court will retain jurisdiction for the duration of this Decree;

   c. No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

   d. The terms of this Decree are adequate, fair, reasonable, equitable, and just.
   The rights of Ms. Claude and the public interest are adequately protected by this Decree; and

   e. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, heirs and assigns of Noble House.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### DURATION OF DECREE

11. This Decree shall be in effect for a period of three years from the Effective Date. The Effective Date is defined as the date on which the Court gives final approval to the Decree

by entering it on the Court docket.

12.     This Decree will not expire while any enforcement action concerning this Decree is pending. The duration of this Decree shall be extended by any time period required for the resolution of any enforcement action.

## MONETARY RELIEF

13.     Noble House shall pay Ms. Claude the total sum of $99,000 in settlement of the claims brought by EEOC and Ms. Claude.

14.     Payment shall be made within ten (10) business days following the Court's approval of this Decree. Copies of the checks shall be contemporaneously sent to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Noble House Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131, and via e-mail at mdoconsentdecreecompliance@eeoc.gov.

15.     If Ms. Claude fails to timely receive the payments described in paragraphs 13-14 above, then Noble House shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

## GENERAL INJUNCTIVE PROVISIONS

16.     Noble House, and all of its officers, managers, supervisors, employees, agents, partners, successors, and assigns, shall accommodate the religious beliefs or practices of its applicants and employees, including, but not limited to, practices prohibiting working on their Sabbath, unless providing such accommodation would cause undue hardship.

## EMPLOYMENT APPLICATIONS AND JOB POSTINGS

17. During the duration of this Decree, each application, whether paper or electronic, shall include the following language:

> NOBLE HOUSE IS AN EQUAL OPPORTUNITY EMPLOYER. QUALIFIED APPLICANTS WILL RECEIVE CONSIDERATION WITHOUT REGARD TO RACE, COLOR, RELIGION, SEX (PREGNANCY, SEXUAL ORIENTATION, GENDER IDENTITY) NATIONAL ORIGIN, AGE, DISABILITY, AND/OR GENETIC INFORMATION. WE ENCOURAGE ALL QUALIFIED APPLICANTS TO APPLY.

## APPOINTMENT OF RELIGIOUS ACCOMMODATIONS DECISIONMAKER

18. Noble House will designate Nadya Velazquez as the Religious Accommodations Decisionmaker to make decisions on all requests for a religious accommodation.

19. Within sixty (60) calendar days following the Court's approval of the Decree, the Religious Accommodations Decisionmaker will receive 1 ½ hours of live, one-one-one training provided by a Subject Matter Expert mutually agreed upon with the EEOC. The Training shall cover Title VII, Handling Requests for Religious Accommodations, and Instructions on Noble House's Anti-Religious Discrimination Policy.

## CREATION OF ANTI-RELIGIOUS DISCRIMINATION POLICY

20. Noble House shall create an anti-religious discrimination employment policy (the "Policy") as provided herein.

21. The Policy shall expressly state the following: "Noble House does not discriminate on the basis of religion and will accommodate an applicant's or employee's religious beliefs and practices unless to do so would cause an undue hardship. Noble House

5

encourages applicants and employees who desire an accommodation to speak to Nadya Velazquez." Nadya Velazquez can be reached at 786-923-9313.

22. Noble House's Policy shall contain the following provisions:

   a. Applicants and Employees may request a religious accommodation orally or in writing to any manager, human resources representative, or the Religious Accommodations Decisionmaker.

   b. To the extent any manager or human resources representative receives a written or oral request for a religious accommodation, such individuals shall direct the applicant or employee to the Religious Accommodations Decisionmaker.

   c. Noble House will not make hiring, promotion, retention, or termination decisions on the basis of an individual's religious practices or beliefs, need for a religious accommodation; nor stereotypes and assumptions relating to such religious practices or beliefs;

   d. Where necessary to determine the appropriate reasonable accommodation, the Religious Accommodations Decisionmaker will speak with the applicant or employee requesting an accommodation and will explore possible accommodations with the applicant or employee;

   e. To the extent that Noble House denies a request for an accommodation to an applicant or an employee, the Religious Accommodations Decisionmaker will provide a written explanation setting forth the reasons for the denial to the requesting individual, including any undue hardship;

    f.  Applicants and employees will not be required to request religious accommodations directly to his or her supervisor; instead, all requests may go directly to the Religious Accommodations Decisionmaker.

    g.  Noble House will take immediate and appropriate corrective action when it determines that religion-based discrimination or a failure to accommodate has occurred.

23.  Within thirty (30) calendar days following the Court's approval of the Decree, the Policy shall be provided to EEOC.

24.  Within sixty (60) calendar days following the Court's approval of the Decree, the Policy shall be included in any relevant employee handbook or manual maintained by Noble House and shall be distributed in hard copy to all employees of Noble House.

## TRAINING

25.  **Management Training.**  Noble House shall provide the Religious Accommodations Decisionmaker, and all of its Human Resources personnel, and all other Managers or Directors with two one and one half (1½) hours of live training, annually, during the term of this Decree (the "Management Training"). To the extent necessary due to the on-going coronavirus pandemic, the first training may be delivered via zoom or a similar platform, provided that the trainer and all participants have videos turned on and are all visible throughout the training.

26.  The first Management Training shall take place no later than February 15, 2022. The second training shall take place no later than March 15, 2023. The third training shall take place no later than October 1, 2024.

27.  The Management Training shall include the following: (1) an explanation of

the prohibitions against discrimination on the basis of religion; (2) an explanation of the rights and responsibilities of managers and employees under Noble House's anti-religious discrimination policies and procedures; (3) an explanation of religious stereotyping and unlawful religious-related assumptions about persons that managers should avoid when dealing with applicants and employees; (4) instructions on how to respond to and assess a request for a reasonable accommodation; (5) guidance on how to address a concern about an applicant's or employee's ability to perform the job due to religious practices-related concerns; (6) examples of implicit bias against applicants and employees on the basis of religion; (7) guidelines and procedures for good workplace investigations; and (8) examples and instructions on reasonable accommodations for applicants or employees with religious practices and beliefs.

28. The Management Training shall be conducted by a Subject Matter Expert mutually agreed upon with the EEOC.

29. At least two (2) weeks before the Management Training, Noble House shall provide the following to EEOC in writing:

    a.    the dates on which training is scheduled;

    b.    the name and job title of the person(s) from the agreed upon organization who will conduct the training;

    c.    a resume/CV of the person conducting the training; and

    d.    all copies of pamphlets, brochures, outlines, PowerPoint or similar presentations or other written materials provided to the participants of the

training sessions.

30. Additionally, Noble House agrees that the EEOC may, at the EEOC's discretion, attend any training session held pursuant to this Decree.

31. Fourteen (14) calendar days after the Management Training, Noble House shall provide the EEOC a list of all attendees to the Management Training, including first and last name, and title.

32. **Employee Education.** All current employees (whether employed directly by Noble House or through a staffing company) shall receive a hard copy via hand delivery of Exhibit B on or before December 1, 2021. In addition, all new employees will receive a hard copy of Exhibit B via hand delivery within the first twenty-one days of employment. Noble House shall redistribute a hard copy of Exhibit B to each employee (whether employed directly by Noble House or through a staffing company) on October 1, 2022, October 1, 2023, and October 1, 2024.

## DISTRIBUTION OF NOTICE

33. Within twenty (20) calendar days from the Court's approval of this Consent Decree, Noble House shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit A to this Decree in a conspicuous location, easily accessible to and commonly frequented by Noble House employees (*i.e.*, employee bulletin board). The Notice shall remain posted for the entire period this Consent Decree is effective. Noble House shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

34. At the first reporting period, described below in paragraph 35, Noble House shall certify to the EEOC in writing that the Notice has been properly physically posted as

described in this section, and Noble House must also take a photograph of the Notice and its posted location. Noble House shall email the certification of the Notice's posting and photographs to mdoconsentdecreecompliance@eeoc.gov with the subject line: Noble House Consent Decree.

## REPORTING

35. Noble House shall furnish to EEOC a written Report every six (6) months for the duration of this Decree. The first report shall be due six (6) months after entry of the Decree, and thereafter by June 30th and December 30th annually. A final Report shall be provided one week prior to the Expiration of this Decree. Each such Report shall contain the following:

    a. A certification that Noble House conducted all training required in paragraphs 25-31 above, including the dates of the training, and the start times and end times of each training session;

    b. A certification that Noble House has made and/or maintained the posting and distributions required in paragraphs 32 and 33 above.

    c. Noble House shall disclose all requests for accommodations on the basis of religion that it has received from applicants or employees. Reports about requests for religious accommodations shall include: (1) employee/applicant's name; (2) employee/applicant's religion; (3) location where the employee/applicant works/applied and position held/sought; (4) employee's supervisor(s), interviewers, and/or decisionmakers; (5) summary of employee/applicant's religious practice or belief for which he/she requested an accommodation; and (6) a summary of the interactive-process ensued and resolution, including the accommodation provided, if any; and (7) reason

accommodation request was denied if applicable  In the event there are no requests for an accommodation on the basis of religion, Noble House shall send the EEOC a "negative" report indicating no request for accommodation activity.

## COMPLIANCE

36. The EEOC may review compliance with this Decree at any time during its duration.

37. If at any time during the duration of this Decree the EEOC believes that Noble House is in violation of this Decree, the EEOC may conduct appropriate interviews of Noble House employees and request documents from Noble House.

38. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be emailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Noble House Consent Decree," at mdoconsentdecreecompliance@eeoc.gov.

## NOTIFICATION OF SUCCESSORS

39. Noble House shall provide prior written notice to any potential purchaser of its business and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

## DISPUTE RESOLUTION

40. In the event EEOC believes that Noble House has failed to comply with any provision(s) of the Decree, EEOC will notify Noble House and Noble House must make a good faith attempt to cure any breach of the Decree within ten (10) business days of notification.  The Parties may jointly agree to extend the ten (10) day cure period.  The ten (10) days to cure provision of this Paragraph shall not apply, however, to the payment required by paragraph 13 above.

41. Following the ten (10) day cure period, EEOC shall have the right to enforce the Decree and/or remedy any breach in this Court.

42. No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's authority to bring an action to enforce the terms of the Decree in this Court.

## NO CONDITIONAL RECEIPT

43. Noble House will not condition the receipt of individual relief on an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position, directly or indirectly, with Noble House.

## COSTS

44. Each party to this Decree shall bear its own costs associated with this litigation.

45. If the Court finds that Noble House has breached the terms of the Consent Decree, Noble House shall bear all costs incurred by EEOC caused by Noble House's non-compliance with the Consent Decree, including any and all costs arising out of EEOC's efforts to enforce the Consent Decree and/or remedy any breach in Court.

**DONE and ORDERED** in chambers, Miami, Florida, this 7th day of December 2021.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____  Date: _____

*Robert Weisberg* Digitally signed by Robert Weisberg
Date: 2021.11.03 08:21:33 -04'00'

Robert E. Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835


FOR DEFENDANT, NOBLE HOUSE, INC.

By: _____  Date: Nov. 1, 2021

Title: Gabriel Rosenthal, General Counsel



# EXHIBIT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1. This NOTICE to all employees of NOBLE HOUSE, INC. ("Noble House") is being posted and provided as part of a mutually agreed upon Consent Decree between Noble House and the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") in Civil Action No. 21-cv-20754 (S.D. Fla.), which alleged that Noble House discriminated against an employee on the basis of her religion. While Noble House has denied the allegations, as part of the resolution of this matter, Noble House has agreed to post this Notice to reflect its commitment to equal employment opportunities in the workplace.

2. Noble House's policy and federal law require that there be no discrimination against any employee or applicant for employment on the basis of religion, or because a person made a complaint of discrimination because of religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment.

3. Noble House will comply with such federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under federal law.

4. The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation. The EEOC maintains offices throughout the United States and can be contacted at 1-800-669-4000 and www.eeoc.gov.

5. This <u>NOTICE</u> will remain posted for THREE YEARS FROM DATE OF SIGNATURE. This Notice must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Robert E. Weisberg, Regional Attorney, Re: Noble House Consent Decree at U.S. Equal Employment Opportunity Commission 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and robert.weisberg@eeoc.gov.

SIGNED this __1__ day of __November__, 2020.

_____
Noble House Sole, LLC

**<u>DO NOT REMOVE THIS NOTICE UNTIL THREE YEARS FROM DATE OF SIGNATURE</u>**



# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE TO EMPLOYEES REGARDING TITLE VII RIGHTS

**Title VII.** Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits employers from discriminating against individuals because of their religion or lack of religious belief in hiring, firing, or any other terms and conditions of employment. The law also prohibits job segregation based on religion, such as assigning an employee to a non-customer contact position because of actual or feared customer preference.

**Reasonable Accommodations.** In addition, Title VII requires employers to reasonably accommodate the religious beliefs and practices of applicants and employees, unless doing so would cause more than a minimal burden on the operation of the employer's business. A reasonable religious accommodation is any adjustment to the work environment that will allow the employee to practice his religion. Flexible scheduling, voluntary shift substitutions or swaps, job reassignments lateral transfers, and exceptions to dress or grooming rules are examples of accommodating an employee's religious beliefs, which need approval from your manager.

**Religious Harassment.** Title VII also prohibits religious harassment of employees, such as offensive remarks about a person's religious beliefs or practices. Although the law does not prohibit simple teasing, offhand comments, or isolated incidents that are not very serious, harassment can be unlawful when it is so frequent or severe that it creates a hostile or offensive work environment or when it results in an adverse employment decision (such as the victim being fired or demoted).

**Retaliation.** It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on religion or for filing a discrimination charge, testifying, or participating in an investigation, proceeding, or litigation under Title VII.

Noble House encourages applicants and employees who desire an accommodation to speak to

Nadya Velazquez.